UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    )<br>)<br>v.                                          )<br>)<br>BENY GARNEATA,               )<br>DUMITRU CURESCU,         )<br>LAVINIA CURESCU,          )<br>TEOFIL SCORTE,              )<br>WILLIAM WELLHAUSEN,   )<br>VASILE FOFIU and             )<br>MARIO OLIVELLA               ) | No. 08 CR 398<br>Hon. Martin C. Ashman |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court for a protective order relating to the disclosure of certain applications, orders, and affidavits to the defense, as contemplated by Title 18, United States Code, Section 2518(9).

In support of this motion, the government states as follows:

1. On or about May 21 and May 22, 2008, defendants were arrested pursuant to arrest warrants issued in the above-referenced case. The arrests followed an investigation which included the interception of certain wire communications pursuant to orders issued by the Chief Judge in accordance with Title 18, United States Code, Section 2518, on or about October 3, 2007, November 6, 2007, December 5, 2007, and December 7, 2007.

2. Under Title 18, United States Code, § 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

3. As the Court is aware, preliminary hearings may be held in this case. In connection with those proceedings and in accordance with its disclosure obligations under Section 2518(9), the government intends to produce to the defense copies of the sealed applications, affidavits, and orders dated October 3, 2007, November 6, 2007, December 5, 2007, and December 7, 2007 authorizing

the interception of wire communications. The applications, affidavits, and orders contain sensitive information, the disclosure of which would have a detrimental impact on the government's continuing investigation. Therefore, the government intends to redact certain information from these pleadings prior to their disclosure to the defense.

4. The government requests the Court to direct that the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter, be subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above; and (e) that violation of this Order may result in the imposition of civil and criminal sanctions. However, the restrictions set forth in the requested protective order should not apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

5. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, the driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but whom not have been charged. Although the wiretap applications, affidavits and orders are being disclosed to the defendants in accordance with 18 U.S.C. § 2518(9),

they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

WHEREFORE, the government respectfully moves this Court for an order directing that the sealed applications, affidavits, and orders dated October 3, 2007, November 6, 2007, December 5, 2007, and December 7, 2007 authorizing the interception of wire communications, which are being provided to defendants and their defense counsel as contemplated by Title 18, United States Code, Section 2518(9), be subject to a protective order as described above in connection with the preliminary and detention hearings in this case. The government also respectfully moves this Court to order that any other recordings, reports, and investigative materials that may be turned over in connection with this case be subject to the protective order described above.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney

By:   s/ Christina Egan
       JULIET S. SORENSEN
       CHRISTINA EGAN
       Assistant United States Attorney
       219 South Dearborn Street, Suite 500
       Chicago, Illinois 60604
       312-353-4095

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by facsimile on May 29, 2008, to the following non-ECF filers:

| Sean M. Berkowitz<br>Latham & Watkins, LLP Sears Tower<br>233 S. Wacker Dr., Ste. 5800<br>Chicago, IL 60606<br>Fax   312-596-0714 | Keith J. Scherer<br>6585 N. Avondale Ave.<br>Chicago, IL 60631<br>Fax 773-774-6742 |
|---|---|

By:   s/ Christina Egan
CHRISTINA EGAN
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
312-353-4095

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 398 |
| v. | ) | Hon. Martin C. Ashman |
| | ) | |
| BENY GARNEATA, | ) | |
| DUMITRU CURESCU, | ) | |
| LAVINIA CURESCU, | ) | |
| TEOFIL SCORTE, | ) | |
| WILLIAM WELLHAUSEN, | ) | |
| VASILE FOFIU and | ) | |
| MARIO OLIVELLA | ) | |

**O R D E R**

Upon the motion of the United States for a protective order pursuant to Fed. R. Crim. P. 16(d)(1), it is hereby ordered as follows:

1.  All Title III applications, affidavits, and orders produced by the government in connection with this case, and all other investigative materials and reports disclosed by the government in original or redacted form, may be utilized by the charged defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and their contents, and any notes, records or copies of any kind that defense counsel or the charged defendants may make relating to the contents of materials provided by the government shall not be disclosed either directly or indirectly, verbally or in writing, to any person or entity other than the charged defendants, their counsel, such other persons as are reasonably employed by them as may be necessary to prepare a defense, or such other persons as to whom the Court may authorize disclosure. These restrictions do no apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings;

or documents or materials that are otherwise in the public domain.

     2.    Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

                   E N T E R:

                   Martin C. Ashman
                   United States Magistrate Judge

DATE